**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin KEELER, Defendant–Appellant.**

No. 98–50387.

D.C. No. CR–97–01262–RAP.

United States Court of Appeals,
Ninth Circuit.

Submitted* April 6, 2001.

Decided April 18, 2001.

Before HUG, DUHÉ** and TALLMAN, Circuit Judges.

### MEMORANDUM ***

Kevin Keeler appeals the district court's denial of his motion to suppress the fruits of a *Terry* stop and subsequent search of his car. Keeler was convicted of possession of stolen mail in violation of 18 U.S.C. § 1708 after he entered a conditional guilty plea which preserved his right to appeal the denial of his suppression motion. We have jurisdiction and we affirm.

 The denial of a motion to suppress is reviewed de novo. *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir. 2000). A district court's factual findings

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable John M. Duhe, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

are reviewed for clear error. *United States v. Mattarolo*, 209 F.3d 1153, 1155–56 (9th Cir.2000).

Keeler contends that LAPD Sergeant Perez lacked reasonable suspicion to detain him when Perez approached Keeler's parked car and began questioning him. Keeler asserts that an anonymous tip, coupled with innocuous observations, is insufficient to justify a *Terry* stop. Keeler does not dispute the district court's findings, only the legal conclusions drawn from them.

■■■ In order to comply with the Fourth Amendment, an investigatory stop by the police may be made only if the officer has "a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) (internal quotation omitted). Reasonable suspicion exists when the officer is aware of specific, articulable facts which form the basis for *particularized* suspicion. *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Particularized suspicion includes two elements: 1) the assessment must be based on the totality of the circumstances; and 2) the assessment must include reasonable suspicion that the particular person being stopped has committed or is about to commit a crime. *United States v. Montero–Camargo*, 208 F.3d 1122, 1129 (9th Cir.2000). Both elements are met in this case.

Sergeant Perez acted on the following information: 1) he had just received a tip that the grey car, which was in full view and which the tipster pointed at, contained a white man who was participating in a narcotics transaction with a Hispanic man; 2) his own observations corroborated the tipster's description of the scene; 3) as he approached Keeler's car, the person the tipster described as the narcotics seller abruptly departed; 4) Keeler's car was parked in a high crime area where narcotics transactions frequently took place; and 5) Keeler appeared nervous as Perez approached his car.

We have upheld an investigatory stop under very similar circumstances. In *United States v. Alvarez*, police received an anonymous tip regarding an imminent bank robbery. 899 F.2d 833 (9th Cir. 1990). The *Alvarez* tipster indicated that a man who appeared to be of Mexican ancestry was parked in a white Mustang in back of a particular bank which the man was about to rob. When police arrived at the scene their own observations corroborated the tipster's description. *Id.* at 837. Viewed in light of the surrounding circumstances and from the perspective of an experienced police officer, this Court concluded that there was reasonable suspicion to detain Alvarez.

Similarly, although each of the facts known to Sergeant Perez might not by themselves justify his detention of Keeler, when viewed together they amount to particularized suspicion that Keeler had just committed a criminal act or was about to do so. The district court's denial of the motion to suppress is affirmed.

AFFIRMED.